IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE No. 1:18-CR-759 |
| | ) | |
| Plaintiff, | ) | JUDGE Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT ABDELJAWAD EWAIS'** |
| KHALIL EWAIS, et al. | ) | **MOTION FOR BILL OF** |
| | ) | **PARTICULARS** |
| Defendants. | ) | |
| | ) | |

Now comes Defendant Abdeljawad Ewais (hereinafter Defendant or AJ Ewais), through counsel, and respectfully requests that this Honorable Court direct the prosecution to file a bill of particulars. This motion is filed pursuant to Fed.R.Crim.P. 7(f).

Defendant requests that the government provide the specific amounts of rental income which were omitted or unreported by Defendant, for each taxable year and each rental property chargeable against Defendant.

As an initial matter, Defendant asks that the Court grant leave to file this motion. Fed.R.Crim.P. 7(f) provides that such a motion may be filed "before or within 14 days after arraignment or at a later time if the court permits." Defendant seeks leave of the Court because the parties have attempted to resolve the matter at issue through negotiation and the discovery process, but Defendant still does not have the particulars on rental income and properties. Given

the impending trial date of July 22, 2019, Defendant cannot defend himself, as further set forth herein, without knowing what false statements were made, on what tax returns.

With trial approaching, if the Court grants leave to consider this motion, it is respectfully requested that the government be ordered to file the requested bill of particulars within fourteen (14) days of the Court's order.

## I.  THE INDICTMENT AND STATE OF DISCOVERY

Defendant was indicted on December 19, 2018, jointly with his brother, Khalil Ewais. The indictment spans 20 pages, with a half-page involving Defendant. AJ Ewais is charged with violations of 26 U.S.C. § 7206(1): Making and Subscribing False Income Tax Returns, and the indictment alleges in Counts 10-14 that Defendant filed federal tax returns that he did not believe to be "true and correct as to every material matter" in that each return "understated his total income (on line 22) by failing to report income … from rental income." The indictment, undoubtedly a "bare bones indictment" as it relates to Defendant, simply alleges for each count, a taxable year and an apparent filing date for each tax return.

The government has provided a voluminous amount of discovery, in four discs comprising hundreds of MBs of data (and a fifth with notation of arrests). In response to defense requests for tax computations (in what respects are Defendant's tax returns materially false?), the government has taken various positions, none of which provided Defendant with the information needed to prepare an effective defense. In fairness, and without involving the Court in the details of plea negotiations, the U.S. Attorney's Office has provided tax loss figures attendant to certain outcomes, i.e., a plea to a particular count prior to trial; an open plea allowing the parties to argue tax loss at sentencing; and at sentencing following a trial conviction. But when asked for the tax computations underlying the respective "tax loss" figures, the specific understatements of rental income and on which properties, those figures have not been provided.

The government has alleged that the tax computations are a matter for sentencing, and not trial. They have also stated that the evidence relating to false statements regarding rental income can be found within the voluminous discovery: that the evidence consists of canceled checks, receipts, bank deposits, and also, tenant interviews (which will be treated as Jencks material and released at trial in connection with each tenant's testimony). This position leaves defendant parsing through voluminous evidence to guess which pieces of evidence will be used at trial to establish a key element of the charges (material false statements). Moreover, the position that some evidence relating to this key element will come from witness testimony treated as Jencks material and released at or immediately before trial leaves Defendant learning what he is charged with as the trial unfolds.

The government at one point offered defense counsel an opportunity to meet with case agent(s), purportedly to discuss the structure and composition of the government's case. That meeting never took place over the government's concerns about confidentiality of any information provided.

Six months have passed since Defendant was indicted and arrested. Trial is set to begin in approximately one month, and Defendant does not have what he needs to prepare an effective defense.

## II.     THE OFFENSES CHARGED

A violation of 26 U.S.C. § 7206(1) requires proof beyond a reasonable doubt that Defendant made or subscribed a federal income tax return, that was false as to a material matter, and that Defendant signed the return willfully and knowing it was false as to a material matter. *United States v. Barrow*, 118 F.3d 482, 493 (6th Cir. 1997). *United States v. Armstrong*, 2016 US Dist. LEXIS 141192 (E.D. Tenn. 2016); *United States v. Pirro*, 212 F.3d 86 (2d Cir. 2000).

False statements are material if they impact the ability of the Internal Revenue Service to ascertain the accuracy of a tax return. *United States v. Barrow*, at 493-94.

Defendant is entitled to know what particular false statements he is alleged to have made regarding rental income on the tax returns on which he has been indicted.

### III.     LAW AND ARGUMENT

The purpose of a bill of particulars is to 1) ensure that the defendant understands the nature of the charges against him to enable him to prepare for trial; 2) avoid or minimize the danger of unfair surprise at trial; and 3) enable the defendant to plead double jeopardy if he is later charged with the same crime. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).   The decision to order a bill of particulars is committed to the sound discretion of the trial court. Id.   The appropriate test in ruling on a motion for a bill of particulars is whether providing the requested details is necessary to the preparation of the defense and avoidance of prejudicial surprise. *United States v. Mohammad*, 2012 U.S. Dist. LEXIS (N.D. Ohio 2012), citing *United States v. Musick*, 291 Fed. App'x 706, 724 (6th Cir. 2008). A bill of particulars is "intended to give the defendant only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Ogbazion*, 2016 U.S. Dist. LEXIS 143358 (S.D. Ohio 2016), citing *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).

In *United States v. McQuarrie*, 2018 U.S. Dist. LEXIS, 2018 WL 372702 (E.D. Mich. 2018), the court granted in part bills of particulars to three defendants. The court noted "the Government does not necessarily fulfill its obligation of providing fair notice of the charges 'merely by providing mountains of documents to defense counsel.'" McQuarrie, at *15, citing *United States v. Bortkovsky*, 820 F.2d 572, 575 (2d Cir. 1987). The court further noted that bills of particular are often necessary to "clarify the alleged date and location of certain charged

actions," and to provide other details necessary to prepare a defense. McQuarrie, at *16, citations omitted.

In *United States v. Ingersoll*, 2014 U.S. Dist. LEXIS 149831, 2014 WL 5420222 (E.D. Mich 2014), a case involving fraud and criminal tax charges, the court ordered the government to provide a bill of particulars within 21 days of the court's order. While the court observed that one defendant was not entitled to a bill of particulars as a matter of right, where the superseding indictment was "generic and lacks factual specificity," the court exercised its discretion and ordered a bill of particulars as to "the computation and calculation of the specific items of income comprising [defendant's] actual taxable income and their source," and "the dates, amount, character, and source of the income allegedly received but not reported." Ingersoll, at *16-7, *38-9.

The failure to provide specific tax computations is surprising in at least two respects. For one, the government has the computations at hand. In all likelihood, they were attached as a schedule or appendix to the Special Agent's Report (SAR) which was submitted to the Department of Justice, Tax Division, to obtain authorization to file Title 26 criminal charges. They were likely presented to the grand jury as evidence of materiality in obtaining the indictment in this case. It can be expected that at trial of this case, the IRS-CI case agent, or an experienced revenue agent, will present the computations to the jury as part of the government's case-in-chief ((which may in its own right make the computations discoverable under Fed.R.Crim.P. 16(a)(1)(E)(ii)). The government should not be permitted to charge the Defendant with making material false statements on his federal tax returns but then fail to reveal in advance of trial the evidence that establishes materiality.

5

Yet another reason why specific rental incomes for specific properties should be disclosed is implicated by *United States v. Duncan*, 850 F.2d 1104, 1113 (6th Cir. 1988).  The jury may be required to agree unanimously on particular underreporting of rental incomes for specific properties.

The second aspect of this matter is that without the computations, Defendant is at a standstill in preparing his defense.  If defendant had the tax computations with gross rental incomes by property, he could at a minimum have an investigator interview the tenants to determine the extent to which they dealt with AJ Ewais.  Defendant may also have evidence of unclaimed expenses (such as taxes, utilities, contractor payments, etc.) on specific properties which will mitigate alleged tax losses.  Computations are needed so that an accountant hired by the defense can prepare alternative computations (even if defense computations are not admitted at trial, they would certainly be submitted if the case proceeds to sentencing).

### IV.  **CONCLUSION**

For all the reasons set forth herein, Defendant asks this Honorable Court to direct the government to provide a bill of particulars specifying that amounts of rental income on specific properties that were allegedly not reported on Defendant's tax returns for the taxable years in issue.  Given the scheduled trial date of July 22, 2019, if the Court favorable considers this motion, the Court is asked to direct the government to file its bill of particulars within 14 days of the Court's order.

Respectfully submitted:

/s/ James V. Moroney
James V. Moroney (0019064)
17510 Brandywine Drive
Strongsville, Ohio 44136
Tel: (440) 554-9266
Email:  jvmoroney2@yahoo.com
*Counsel for Defendant Abdeljawad Ewais*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 21, 2019, a copy of the foregoing *Defendant's Motion for Bill of Particulars* was electronically filed. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system and all parties may access this filing through the Court's system to the following:

                                         /s/ James V. Moroney
                                         James V. Moroney
                                         *Counsel for Defendant*
                                         *Abdeljawad Ewais*